IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES MCCUTCHEON, AND ALL OTHER SIMILARLY SITUATED UNDER 29 USC 216(B), <br> *Plaintiff*, <br> v. <br> STAPLES, INC. <br> *Defendant*. | Civil Action No. <br><br> JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiff James McCutcheon, individually and on behalf of all other similarly situated individuals, (collectively, "Delivery Drivers") makes the following allegations against Staples, Inc. ("Staples" or "Defendant") and in support shows the following:

## INTRODUCTION

This is a straightforward claim for overtime and minimum wage violations against a sophisticated Fortune 500 Company on behalf of a nationwide class of Delivery Drivers. This lawsuit involves one basic principle: An employer should fully compensate an employee for the entire time the employer requires its employees' presence at a jobsite. Staples violated this basic principle by forcing its Delivery Drivers to show up for work at a specific time without having any intention of paying them for time spent waiting on for their trucks to be loaded at the beginning of shifts. Plaintiff James McCutcheon files the instant suit on behalf of all of Staples' Delivery Drivers that have fallen victim to Staples' wrongful payment practices.

## JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219. ("FLSA") Venue is proper because a substantial part of the events or omissions giving rise to this claim occurred in this District, and Defendants are subject to personal jurisdiction in Texas.

## PARTIES

Plaintiff is a Texas Resident and worked for Staples as a Delivery Driver for Staples in Coppell, TX from on or about June 2006 to January 2015. Plaintiff was "engaged in commerce" as required by FLSA, 29 U.S.C. §§ 206-207, while working for Staples.

On information and belief, Staples is a Delaware Corporation with its principal place of business at 500 Staples Drive, Framingham, MA 01702. Defendant can be served through its registered agent, The Corporation Trust Company, Corporation trust Center, 1209 Orange St., Wilmington, DE 19801. Staples is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" as required under FLSA, 29 U.S.C § 203(s)(1).

Plaintiff brings this action on behalf of himself and other similarly situated employees pursuant to 29 U.S.C § 216(b). Plaintiff and the other similarly situated employees are individuals who were, or are, employed by Staples as "Delivery Drivers" over the past three years. "Delivery Drivers" duties are to drive trucks to deliver goods

and/or services to Staples' customers. The putative class has been "engaged in commerce" as required by the FLSA, 29 U.S.C. §§ 206-207.

## FACTS

During the past three years, Staples paid Delivery Drivers on an hourly basis and required Delivery Drivers to report to work at a specific time each working day. Staples, however, regularly did not pay Delivery Drivers minimum or overtime wages for time spent waiting for trucks to be loaded at the beginning of scheduled work shifts. This waiting time occurred frequently and typically ranged from 10 minutes to 1 hour.

Staples' practices violate the provisions of the Fair Labor Standards Act, 29 U.S.C. § et seq. As a result of these unlawful practices, Plaintiff and other similarly situated employees have suffered lost wages. Staples recklessly failed to investigate whether its payment practices complied with the Fair Labor Standards Act. On information and belief, Delivery Drivers have complained about not being paid overtime or minimum wage for time spent waiting for trucks to be loaded at the beginning of their shifts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all similarly situated employees who join this action demand:

(a). Issuance of notice as soon as possible to all Delivery Drivers who were employed by Defendants during any portion of the three years immediately preceding the filing of this action. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not

paid correctly for hours worked as Delivery Drivers during any portion of the statutory period;

(b). Judgment against Defendants for an amount equal to Plaintiff and the class' unpaid back wages at the applicable minimum wage and overtime rate for each hour of Wait Time;

(c). Judgment against Defendants that their violations of the FLSA were willful;

(d). An equal amount to the wage damages as liquidated damages;

(e). To the extent liquidated damages are not awarded, an award of prejudgment interest;

(f). All costs incurred and reasonable attorney's fees for prosecuting these claims;

(g). Leave to add additional Plaintiffs by motion, the filing or written consent forms, or any other method approved by the Court;

(h). Leave to amended to add claims under applicable state laws; and

(i). For such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a jury trial.

Dated: February 5, 2015                Respectfully submitted,

                                                    By: /s/ Jack Siegel
                                                    Jack Siegel
                                                    Siegel Law Group
                                                    State Bar No. 24070621

-5-

        Meadow Park Tower
        10440 N. Central Expy., Suite 1040
        Dallas, TX 75231
        (214) 706-0834
        Jack@siegellawgroup.biz
        www.siegellawgroup.biz

        **Attorney for Plaintiff**